IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-858 |
| § | |
| JOSEPH WALNOHA, § | |
| § | |
| Defendant. § | |

**FINAL DEFAULT JUDGMENT AND
ORDER ENTERING PERMANENT INJUNCTION**

The plaintiffs, DISH Network L.L.C., EchoStar Technologies, L.L.C., and NagraStar LLC, brought this action against Joseph Walnoha for unlawfully circumventing the DISH Network security system and receiving copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network. The complaint alleged that Walnoha accomplished this in part by subscribing to a pirate television service known as NFusion Private Server ("NFPS"), which allowed Walnoha to decrypt DISH Network's satellite signal and view copyrighted satellite television programming without authorization from DISH Network. (Docket Entry No. 1).

Walnoha failed to answer the complaint or otherwise appear. Default was entered. The plaintiffs have moved for final default judgment and an order of permanent injunction, with a declaration and exhibits. The plaintiffs have submitted evidence that Walnoha connected to the NFPS IKS server and intercepted the plaintiffs' satellite signals of copyrighted satellite television programming, without authorization from the plaintiffs. Under 18 U.S.C. § 2520 of the Electronic Communications Privacy Act ("ECPA"), the plaintiffs are entitled to statutory damages of $10,000

for Walnoha's interception of plaintiffs' satellite signal. The plaintiffs seek $10,000 in their motion for default judgment and request for statutory damages and permanent injunction. The plaintiffs' motion is granted. The following orders are entered:

### 1. FINDINGS AND CONCLUSIONS

The court accepts as true the following allegations in the Original Complaint:

    a.    DISH Network is a multi-channel video provider that delivers video, audio, and data services via a direct broadcast satellite system to approximately 14 million subscribers. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Docket Entry No. 1, Pls.' Comp. ¶¶ 9-10).

    b.    DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works for unauthorized reception and viewing. (*Id.* ¶¶ 11-12.)

    c.    DISH Network programming is digitized, compressed, and scrambled before transmitted to multiple satellites, which relay the encrypted signal back down to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (*Id*. ¶ 13.)

    d.    The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control

message and forwards that message to the smart card.  Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word.  The control word is then transmitted back to the receiver in order to decrypt the DISH Network satellite signal.  Each receiver and smart card is assigned a unique serial number which is used by DISH Network when activating the equipment, and to ensure the equipment only decrypts programming that the customer is authorized to receive as part of his subscription package and pay-per-view purchases.  (*Id*. ¶¶ 17-18.)

      e.    NFPS is a pirate internet key sharing ("IKS") television service that provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network.  (*Id*. ¶ 25.)

      f.    Walnoha violated federal laws by using the NFPS pirate IKS television service and server to obtain DISH Network's descrambling control words to illegally receive and descramble DISH Network copyrighted television programming.  (*Id*. ¶ 27.)

**2.    PERMANENT INJUNCTION**

Conrad Walnoha and anyone acting in active concert or participation with him or at his direction or control are permanently enjoined from:

      a.    intercepting plaintiffs' satellite television transmissions without plaintiffs' authorization through any means, including Internet Key Sharing (also known as Control Word Sharing);

    b.  assisting others in intercepting the plaintiffs' satellite television transmissions without plaintiffs' authorization through any means, including Internet Key Sharing (also known as Control Word Sharing); and

    c.  testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from plaintiffs' satellite television receivers, access cards, data stream or any other part or component of plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

This permanent injunction takes effect immediately. No bond is required.

### 3. DAMAGES

The court awards the plaintiffs, DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC statutory damages in the amount of $10,000 against Walnoha under 18 U.S.C. §§ 2511 (1)(a) and 2250.

### 4. OTHER ORDERS

Counts I and II of the complaint are dismissed with prejudice. The court retains jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction. This is a final judgment.

  SIGNED on July 25, 2014, at Houston, Texas.

                     *Lee H. Rosenthal*

                     Lee H. Rosenthal
                     United States District Judge